# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FRED SMITH,

      Petitioner,

v.        Case No. CIV 14-008-RAW-KEW

JANET DOWLING, Warden,

      Respondent.

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his convictions and sentences in Haskell County District Court Case No. CRF-1992-078 for six counts of Lewd Molestation.

The record shows that petitioner's convictions and sentences were affirmed by the Oklahoma Court of Criminal Appeals in *Smith v. State*, No. 93-1070, slip op. (Okla. Crim. App. July 24, 1995). His conviction, therefore, became final on October 22, 1995, upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). He did not pursue state post-conviction relief.

Because petitioner's judgment and sentence became final before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(d), he had until April 24, 1997, to initiate this habeas corpus action. *See* 28 U.S.C. § 2244(d); *Allen v. Seibert*, 552 U.S. 3, 4 (2007); *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). The petition, however, was not filed until January 10, 2014.

Petitioner argues the petition is not timely because of his extraordinary circumstances of being a pro se inmate with no legal education and inadequate access to a law library. He also lacks the financial resources to hire an attorney to represent him in this matter.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted). Petitioner explains he has had great difficultly in finding another inmate to assist him with his habeas petition, because of the nature of his crimes. In addition, his class schedule conflicted with the law library schedule.

"[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001). Furthermore, plaintiff's limited law library access and his difficultly in finding another inmate who would assist him do not explain his more than 16-year delay in filing this action. In addition, there is nothing in the record to suggest petitioner is actually innocent of the crimes of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

**ACCORDINGLY,** the respondent's motion to dismiss time-barred petition (Docket No. 10) is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 9th day of September 2014.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE